UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FREELAND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NIPPON STEEL CORP., et al.,<br><br>    Defendants. | Case No. 25-cv-01240-EKL<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 51, 52 |

Plaintiffs seek a temporary restraining order to block Nippon Steel's acquisition of U.S. Steel. *See* Pls.' Mot. for Immediate TRO, ECF No. 52 (the "TRO Motion"). Plaintiffs filed their motion yesterday afternoon, on June 17, 2025. The Court permitted Defendants to file an opposition brief, which they did not, then heard argument on June 18, 2025. For the following reasons, the Court DENIES Plaintiffs' motion for a temporary restraining order as indicated on the record.

"[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

1  Under the Ninth Circuit's "sliding scale approach," a preliminary injunction may issue
2  where "serious questions going to the merits were raised and the balance of hardships tips sharply
3  in [the movant's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th
4  Cir. 2011). To raise serious questions, the movant's claim must be more than just "plausible."
5  *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th Cir. 2022). Rather, the
6  movant must show that it has a "fair chance of success on the merits." *Flathead-Lolo-Bitterroot*
7  *Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Republic of the*
8  *Philippines v. Marcos*, 862 F.3d 1355, 1362 (9th Cir. 1988) (en banc)). Under the sliding scale
9  approach, the movant still must show "a likelihood of irreparable injury and that the injunction is
10 in the public interest." *Cottrell*, 632 F.3d at 1135.

11 The Court finds that Plaintiffs have failed to show serious questions going to the merits of
12 their Clayton Act § 7 claim for at least two separate reasons. First, Plaintiffs have not plausibly
13 alleged antitrust injury because they are not participants in the alleged relevant market for steel
14 manufacturing. *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1057 (9th Cir.
15 1999). Instead, they participate in varied and distinct markets as consumers of products that
16 contain steel. Second, Plaintiffs have not plausibly alleged that the effect of the merger may be
17 substantially to lessen competition in the market for steel manufacturing in the United States.
18 Plaintiffs assert that the merger will increase concentration in the market, but they have not alleged
19 – or submitted evidence of – Nippon Steel's supposed share of the United States market.
20 Moreover, Plaintiffs have not alleged any facts to show that the merger would eliminate Nippon
21 Steel as a potential or perceived competitor in the market. As will be explained in a written order
22 on Defendants' motion to dismiss, for these reasons, Plaintiffs have not plausibly alleged an
23 antitrust claim. Thus, they have not shown serious questions going to the merits.

24 Plaintiffs have suggested that they may assert other antitrust claims, including claims under
25 § 1 of the Sherman Act and § 8 of the Clayton Act. These claims are not presently before the
26 Court. Moreover, these claims would be viable only if Nippon Steel and U.S. Steel were to
27 proceed as competitors instead of as a parent company and wholly owned subsidiary. As the
28 details that have emerged this morning indicate, Nippon Steel is acquiring U.S. Steel as originally

1  announced. The structure of this acquisition makes it difficult to see how Plaintiffs could succeed
2  on their potential new claims because a company "and its wholly owned subsidiary [] are
3  incapable of conspiring with each other for purposes of § 1 of the Sherman Act." *Copperweld*
4  *Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 777 (1984). Similarly, § 8 of the Clayton Act applies
5  only when two firms are "competitors." *Bankamerica Corp. v. United States*, 462 U.S. 122, 124
6  (1983) (quoting 15 U.S.C. § 19). Therefore, Plaintiffs have not raised serious questions going to
7  the merits of these potential claims.

8  Finally, in their motion, Plaintiffs assert that certain aspects of the merger are
9  unconstitutional. Specifically, Plaintiffs contend that the national security agreement executed by
10 the merging parties gives the "U.S. government veto power over important management
11 decisions" of the merged firm. TRO Motion at 4. Plaintiffs claim that "President Trump lacks
12 any authority to control steel production in the United States." *Id*. at 7. As Plaintiffs
13 acknowledge, "[t]he terms of the agreement [were] undisclosed to the public" as of the filing of
14 the moving papers, *id*. at 4, and these details are not in the record before the Court. Moreover,
15 even with the details that have emerged this morning, Plaintiffs have not shown how the President
16 and the "golden share" provision would restrict or limit output or result in anti-competitive
17 behavior. In any event, Plaintiffs have not articulated why they would possess Article III standing
18 to challenge this provision.

19 Because Plaintiffs fail to show serious questions going to the merits, let alone a likelihood
20 of success, the Court need not reach the other *Winter* elements. *See Bennett v. Isagenix Int'l LLC*,
21 118 F.4th 1120, 1126 (9th Cir. 2024) ("[I]f a movant fails to meet the threshold inquiry of
22 likelihood of success on the merits (or serious questions going to them), a court may decide to
23 deny a preliminary injunction without considering the other factors."); *see also Disney Enters.,*
24 *Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits 'is
25 the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need
26 not consider the other factors in the absence of 'serious questions going to the merits.'" (first
27 quoting *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015); and then quoting *Cottrell*, 632
28 F.3d at 1134-35)).

3

However, the Court will also briefly address the likelihood of irreparable harm.  Plaintiffs have not shown a likelihood of irreparable harm because they have not alleged or shown that the effect of the merger may be substantially to lessen competition.  Without evidence of an anticompetitive effect, there is no evidence that Plaintiffs will suffer any threat of future injury.

In sum, Plaintiffs have not shown that they are entitled to the extraordinary remedy of a temporary restraining order.  Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 18, 2025

Eumi K. Lee
United States District Judge